IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                          PLAINTIFF

v.                                            Case No. 3:12-CV-03131

WES BRADFORD; STATE OF ARKANSAS;
BOONE COUNTY CIRCUIT COURT; CHAMBERS
OF GORDON WEBB; and DAVID D. STEBBINS                                         DEFENDANTS

**O R D E R**

Currently before the Court is the Report and Recommendations (Doc. 6) filed by Chief United States Magistrate Judge James Marschewski on February 6, 2013. Also before the Court are Plaintiff David Stebbins's timely-filed objections (Doc. 7).

The Magistrate recommends denying Mr. Stebbins's motion to proceed *in forma pauperis* and directing the Clerk not to accept future filings from Mr. Stebbins unless he pays the filing fee. Mr. Stebbins objects to the Magistrate's Report and Recommendations, arguing that Judge Marschewski erred in only considering his litigation history in recommending that Mr. Stebbins be denied *in forma pauperis* status. Mr. Stebbins argues that frivolity of a case should be determined based on each individual filing. The Court has conducted a *de novo* review concerning Mr. Stebbins's objections. 28 U.S.C. § 636(b)(1).

Mr. Stebbins undoubtedly has a right of access to the courts. However, his right of access, especially a right of free access, cannot be unlimited in the face of abuse. As the Eighth Circuit has stated:

> The Court has authority to control and manage matters pending before it . . . . [W]e must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a

> significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.
>
> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources . . . . [A]busive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.
>
> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)) (internal citations omitted).

Mr. Stebbins argues that a majority of the cases he has filed in this District have not been found to be frivolous upon initial review. This does not mean, however, that in the cases where Mr. Stebbins was granted *in forma pauperis* status, his claims were not frivolous.[1] The fact that Mr. Stebbins has previously been given leave to proceed *in forma pauperis* in certain cases merely means that his claims in those cases were not patently frivolous based on an evaluation of Mr. Stebbins's complaint alone and giving Mr. Stebbins every benefit of the doubt. The fact remains that Mr. Stebbins has not succeeded on the merits in any of the numerous cases he has filed in this District. Whether or not Mr. Stebbins made his filings based on his own good faith belief in their merits does not change the fact that he has a history of filing ultimately meritless cases upon which the Court has

---

[1] As in *Tyler*, Mr. Stebbins's extensive experience in filing lawsuits has equipped him with some knowledge of the law, and his skills in drafting are often sufficient to at least raise a question as to factual matters alleged that could constitute a claim, thereby preventing dismissal of the complaint as frivolous upon initial review. *Tyler*, 839 F.2d 1290, 1293.

been forced to expend countless hours of time and judicial resources. Not only has Mr. Stebbins filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit. Regardless of Mr. Stebbins's alleged good-faith intent in filing his various lawsuits, the fact remains that he has abused the system by continuing to file unmeritorious claims and motions. Mr. Stebbins's "history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Maxberry v. Sec. and Exchange Comm.*, 879 F.2d 222, 224 (6th Cir. 1989).

Mr. Stebbins argues that the frivolity of each individual case must be considered before it can be dismissed as frivolous—that the Court cannot rely solely on Mr. Stebbins's history of abusive or frivolous filings in denying him *in forma pauperis* status. The Court disagrees. As the Eighth Circuit and other courts have stated, the Court has a responsibility to manage matters pending before it to safeguard the judicial system from abuses and to protect defendants from harassing litigation. The Court will nevertheless conduct an initial review of the merits of the instant matter, since courts generally have enjoined litigants from future action, and not contemporaneously with a particular filing.[2]

The Court finds, upon initial review of Mr. Stebbins's complaint, that Mr. Stebbins's claims should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2). Mr. Stebbins's claims in the instant matter are patently frivolous and have no basis in fact. Mr. Stebbins complains that, when he went

---

[2] The Court does not believe, given Mr. Stebbins's litigation history and given that he had an opportunity to respond to the Report and Recommendations of the magistrate judge, that denying *in forma pauperis* status in the instant case based on his past abuses would necessarily be contrary to law. However, for the sake of argument, the Court entertains Mr. Stebbins's objection as to this point.

to the Boone County Circuit Court's Office of the Clerk to request copies of a portion of a civil action he filed, the clerks could not find the file to make copies. The clerks reasoned that perhaps the assigned judge had taken the file to look at it. When Mr. Stebbins happened to encounter the judge in the grocery store the next day, however, the judge denied having taken the file. Approximately two weeks later, Mr. Stebbins filed his complaint in this case, naming as defendants all the persons he suspects might have had a motive to take the file.

First, it is unclear what legal claim Mr. Stebbins is attempting to make. Second, Mr. Stebbins's complaint is based entirely on his suspicions and theories regarding what might have happened to the file. He alleges no actual facts that would substantiate a claim against any named defendant. Third, Mr. Stebbins merely claims that the clerks did not have the file in their office for him to make copies on the day he went in to request the file. He does not allege (other than implicitly theorizing) that the file was irretrievably lost or that he would be otherwise prevented from proceeding with his litigation. It is not even clear that the effect of the "lost" file could be known two weeks after Mr. Stebbins went in to request copies. Finally, it would seem most prudent for Mr. Stebbins to first seek redress for misplacement of a file in a state court civil case in the state court, before simply filing a lawsuit in federal court. The Court finds that Mr. Stebbins's complaint should be dismissed as frivolous.

As far as the Magistrate's recommendation that Mr. Stebbins be prevented from filing any future claims in this Court without payment of the filing fee, the Court refers to its Order (Doc. 10) filed in this Court in case number 12-03130, imposing certain conditions and restrictions on Mr. Stebbins's ability to file future claims in the Western District of Arkansas.

For the reasons set forth above, and having conducted a *de novo* review in regard to Mr.

Stebbins's objections to the Report and Recommendations, the Court hereby ADOPTS the Report and Recommendation (Doc. 6), with certain modifications in accordance with this Order.

**IT IS ORDERED** that Mr. Stebbins's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED.

**IT IS FURTHER ORDERED** that Mr. Stebbins's Complaint is DISMISSED WITH PREJUDICE as frivolous.

The Court has also considered Mr. Stebbins's Motion to Disqualify Judge Marschewski, and possibly Judge Holmes, and finds that the motion should be denied. Mr. Stebbins argues that Magistrate Judge Marschewski has demonstrated an animus against him by entering the Report and Recommendations in this case and by recommending that Mr. Stebbins not be granted leave to proceed *in forma pauperis*. The Court cannot find that the Report and Recommendations are evidence of an animus held by Judge Marschewski against Mr. Stebbins. Rather, they are Judge Marschewski's recommendations to this Court based on his review of the applicable law. The findings and recommendations have now been largely adopted by the Court. The fact that Mr. Stebbins disagrees with or does not like Judge Marschewski's recommendations, or this Court's findings, does not create grounds for disqualification. Mr. Stebbins filed objections to the Report and Recommendations, which were duly considered by the Court.

**IT IS THEREFORE FURTHER ORDERED** that Mr. Stebbins's Motion to Disqualify (Doc. 8) is DENIED.

IT IS SO ORDERED this 5th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE